IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MEKA R. RICHARDSON,**

                 **Petitioner,**

      v.                                CASE NO. 13-3117-SAC

**KANSAS DEPARTMENT OF CORRECTIONS,**

                 **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the filing fee.

*Background*

Petitioner was convicted in the District Court of Wyandotte County in 1992. *State v. Richardson*, 883 P.2d 1107 (Kan. 1994). In 2003, she unsuccessfully sought post-conviction relief pursuant to K.S.A. 60-1507. *Richardson v. State*, 183 P.3d 15 (Kan.App. 2008)(unpublished), *rev. denied* Sep. 24, 2008.

In 2008, petitioner filed a petition in this court pursuant to § 2254. The court determined the action was time-barred under the limitation period established in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). The Tenth Circuit affirmed that dismissal. *Richardson v. Kansas Dept. of Corrections*, 2009 WL 405842 (10th Cir.), *cert. denied*, 129 S.Ct. 2890 (2009).

Petitioner filed a second post-conviction action pursuant to 60-1507 in February 2010, which was summarily dismissed by the state district court. That decision was affirmed by the Kansas Court of

Appeals. *Richardson v. State*, 274 P.3d 46 (Kan.App. 2012), *rev. denied* April 8, 2013. Petitioner commenced the present action on July 9, 2013.

*Analysis*

This matter is a successive application for habeas corpus relief. Under the AEDPA, a petitioner must obtain prior authorization in the federal court of appeals before filing a successive application for habeas corpus. 28 U.S.C. § 2244. Petitioner has not provided that authorization in support of her petition.

Generally, "when a second or successive petition for habeas corpus relief … is filed in the district court without the required authorization …, the district court should transfer the petition or motion to [the appellate] court in the interest of justice pursuant to [28 U.S.C.] § 1631." *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). However, where there is no risk that a meritorious claim will be lost absent such a transfer, "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the court of appeals] for authorization." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Here, the petitioner's initial petition was rejected as time-barred, a decision that constitutes a decision on the merits. *See In re Raines*, 659 F.3d 1274, 1275 (10th Cir. 2011)(per curiam). Petitioner's current petition, which asserts claims of prosecutorial misconduct and ineffective assistance of counsel, does not present any extraordinary circumstances or any ground for equitable tolling. Accordingly, the court concludes there is no legal basis warranting the transfer of this matter to the court of appeals.

IT IS, THEREFORE, BY THE COURT ORDERD petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

IT IS FURTHER ORDERED this matter is dismissed as a successive petition.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 20th day of August, 2013, at Topeka, Kansas.

    S/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge