IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MEKA R. RICHARDSON,**

        **Petitioner,**

    **v.**                            **CASE NO. 13-3117-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS,**

        **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. By its order of August 20, 2013, the court dismissed the matter as a successive application for relief. Petitioner has filed a motion to reconsider and vacate (Doc. 6).

A party who seeks reconsideration of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

A party must file a motion to alter or amend within twenty-eight days after the entry of judgment. See Fed.R.Civ.P. 59(e). Petitioner's motion was filed within that period, and accordingly, the court liberally construes it as a timely motion to alter or amend.

A motion under Rule 59(e) may be granted only if the movant can establish: (1) an intervening change in the law; (2) new evidence that could not have been obtained earlier by the exercise of due diligence; or (3) the need to correct clear error or avoid manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The court dismissed this matter as a successive application for habeas corpus, noting that petitioner had failed to obtain the prior authorization required by statute. *See* 28 U.S.C. §2244(b)(3). Petitioner's argument in the present motion to alter or amend is addressed to rulings in the state courts and asserts that trial errors, including prosecutorial misconduct, warrant additional review to avoid manifest injustice. However, petitioner does not challenge the court's finding that this matter is a second application for habeas corpus relief, nor does she show that she has obtained the necessary authorization to proceed in such an action. In the absence of that authorization, this court lacks jurisdiction to consider this matter. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)(per curiam). Petitioner's motion to alter or amend the judgment must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to reconsider and vacate (Doc. 6) is liberally construed as a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) and is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 8th day of October, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge